

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022-3298

Jean L. Schmidt
212.497.8486 Phone
646.417.7534 Fax
JSchmidt@littler.com

August 14, 2025

GRANTED. The Clerk of Court is directed to terminate the motion at Dkt. 14.

SO ORDERED.

Arun Subramanian, U.S.D.J.

Dated: August 14, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:   *Hegde v. Montefiore Medical Center, et al.*
      Civil Action No. 25-cv-04222-AS

Dear Judge Subramanian,

This firm represents Montefiore Medical Center ("Montefiore"), Albert Einstein College of Medicine and Raanan Arens, M.D. (collectively, the "Montefiore Defendants") in the above referenced action brought by Satyanarayan Hegde, M.D. ("Plaintiff" or "Hegde"). This letter is submitted pursuant to Section 5(B) of Your Honor's Individual Practices for Pro Se Plaintiffs in support of the Montefiore Defendants' request for a protective order staying discovery.

On August 5, 2025, the Montefiore Defendants filed a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion") to dismiss the First Amended Complaint, dated June 5, 2025 (the "Complaint"). We believe the Motion will be dispositive of all of Plaintiff's claims asserted in the Complaint.

On August 11, 2025, Plaintiff requested that we schedule a conference to discuss preparation of a discovery scheduling order. We conferred with Hegde via e-mail on August 12, 2025, and advised him that, given the outstanding motion, we opposed his request and asked him to agree to a stay of discovery pending resolution of the Motion. Shortly thereafter, Plaintiff replied advising that he did not consent. Accordingly, for the reasons set forth below, we respectfully request that the Court stay discovery pending its decision on the Motion.

**In The Interest Of Efficiency, Discovery Should Be Stayed Until the Court Resolves the Motion.**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, courts have discretion to stay discovery for good cause pending the outcome of a motion to dismiss. *See New York by James v. Pennsylvania Higher Educ. Assistance Agency*, 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020)

Honorable Arun Subramanian
August 14, 2025
Page 2

("Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay.") (*citing Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). Courts in this circuit "have held 'that a stay of discovery is appropriate [ ] where the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law.'" *Johnson v. N.Y. Univ. Sch. of Educ.,* 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal citations omitted); *see also Cochrane v. Dirs. Guild of Am.,* 2025 U.S. Dist. LEXIS 142128, at *2-3 (S.D.N.Y. July 24, 2025) (stay granted where motion to dismiss raised "substantial arguments" that plaintiff failed to state his claims); *Simon v. New York City Dep't of Educ.*, 2024 WL 4932765, at *1 (E.D.N.Y. Dec. 2, 2024) (stay of discovery appropriate where defendants' motion raised "serious questions about the legal viability of the complaint.")

In determining whether to stay discovery, courts consider "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." *New York by James,* 2020 WL 605944, at *1 (internal citation omitted); *see also Spencer,* 206 F.R.D. at 368 ("Two related factors a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it."). As applied to this case, each of these factors favors a stay of discovery.

### A. Defendants Have Made a Strong Showing that Plaintiff's Claims Lack Merit.

Courts regularly stay discovery pending resolution of a motion to dismiss where the defendants, as they have done here, present substantial arguments for dismissal. *See, e.g.*, *Badr v. New York Inst. of Tech.*, 2025 WL 1126473, at *1 (E.D.N.Y. Apr. 16, 2025) (discovery stay warranted upon showing that the plaintiff's discrimination claims were unmeritorious); *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (stay warranted when "the viability of ... Plaintiffs' claims is in at least some doubt pending the resolution of the motions to dismiss"). A stay of discovery is warranted where it appears that most, but not all, of the claims will be dismissed. *See Spencer,* 206 F.R.D. at 368 (stay warranted where "at this preliminary stage [ ] defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit."). This includes when many of the claims are untimely. *Brandon v. Sensio, Inc.,* 2024 WL 5168408, at *2 (S.D.N.Y. Dec. 19, 2024). The same is equally true here.

In the Motion and its supporting documents (ECF Nos. 9-11), Defendants have raised significant problems both with the action itself, as well as deficiencies in the Complaint. Plaintiff previously brought a similar action against the Montefiore Defendants which was dismissed in March 2024. To the extent that the Fair Credit Reporting Act claims are not already precluded by res judicata and/or untimely, the Fair Credit Reporting Act does not apply to the Montefiore Defendants

Honorable Arun Subramanian
August 14, 2025
Page 3

because none of them function as consumer reporting agencies and the information exchanged about Hegde was not a consumer report. The fraud claim fails to state a cause of action because the Montefiore Defendants never made any false statements to Hedge and had no duty of disclosure to him. This claim is also barred by res judicata. Finally, the negligent misrepresentation claim lacks merit because there is no special or privity-like relationship between the parties. Plaintiff also cannot allege that the Montefiore Defendants made any misrepresentations to him or that he suffered any damages. These substantial deficiencies render Plaintiff's claims legally insufficient and warrant dismissal. In these circumstances, a stay of discovery until the Motion is decided is appropriate.

### B. The Breadth of Anticipated Discovery *and* Burden of Responding Favor a Stay.

Discovery on Plaintiff's claims is anticipated to be broad, burdensome and, if the claims are dismissed, unnecessary. It is inefficient and time-consuming to compel the Montefiore Defendants to submit to discovery that may be rendered moot if the Court grants their Rule 12(b)(6) motion. *See Bandalos v. Stony Brook Univ. Med. Ctr.,* 2024 WL 4276175, at *6 (E.D.N.Y. Sep't 24, 2024)(granting stay to avoid substantial burden and waste of resources until court decides motion to dismiss); *HAHA Glob., Inc. v. Barclays,* 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (granting stay where "the disposition of the dismissal motions may . . . eliminate . . . the issues remaining in this case," and proceeding with discovery "would waste the parties' resources and would constitute an undue burden on Defendants").

The Court's decision on the Defendants' Motion may, alternatively, narrow the scope of Plaintiff's claims and sought-after discovery*. See Buffalo Emergency Assocs., LLP v. Unitedhealth Grp., Inc.*, 2020 WL 3259252, at *1 (W.D.N.Y. June 16, 2020) (staying discovery where "Defendants have filed a comprehensive motion to dismiss that . . . could [have] significant impact [on] the breadth of discovery."). Given the substantive problems with the claims asserted in the Complaint, deferring discovery until the Court resolves the Motion and determines which—if any—claims remain, is both reasonable and efficient.

### C. A Stay of Discovery Does Not Prejudice Plaintiff.

Finally, a stay of discovery presents no risk of unfair prejudice to Plaintiff. Unless Plaintiff can show specific reasons why he would be prejudiced by a stay, given the strength of the Motion and the potential burden that would be imposed if discovery is allowed to proceed, the Montefiore Defendants' request should be granted*. See Spencer,* 206 F.R.D. at 368 (noting a stay that "potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."). In addition, this action is still in the early pleading stage. Courts generally find no prejudice where, as here, an action is still in its early stages and discovery has

Honorable Arun Subramanian
August 14, 2025
Page 4

not yet commenced. *See Giminez v. L. Offs. of Hoffman & Hoffman*, 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012) (because the "actions are in their infancy [and] [n]o discovery has taken place ... there is little prejudice to plaintiffs in staying discovery"). As a result, a stay will not cause Plaintiff undue harm.

For all of these reasons, the Montefiore Defendants respectfully request that the Court issue an order staying all discovery pending the outcome of the Rule 12(b)(6) motion to dismiss.

Respectfully submitted,

*/s/ Jean L. Schmidt*

Jean L. Schmidt

cc: Dr. Satyanarayan Hegde via ECF