

GRANTED. Plaintiff shall turn over the documents by September 9, 2025.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 24.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 8, 2025

September 5, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

> **Re:** *Hegde v. Montefiore Medical Center, et al.*
> **Civil Action No. 25-cv-04222-AS**

Dear Judge Subramanian,

This firm represents Montefiore Medical Center ("Montefiore"), Albert Einstein College of Medicine and Raanan Arens, M.D. (collectively, the "Montefiore Defendants") in the above referenced action brought by Satyanarayan Hegde, M.D. ("Plaintiff" or "Hegde"). This letter is submitted pursuant to Section 5(B) of Your Honor's Individual Practices for Pro Se Plaintiffs and seeks to have the Court compel Plaintiff to provide Montefiore Defendants with unredacted copies of the exhibits that Hegde filed earlier today as part of his opposition to the Montefiore Defendants' motion to dismiss. We seek this relief because our efforts to meet and confer with Plaintiff in an attempt to avoid Court intervention were unsuccessful.

On August 5, 2025, the Montefiore Defendants filed a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion") to dismiss the First Amended Complaint, dated June 5, 2025. On September 5, 2025, Plaintiff filed his opposition to the Motion along with a motion to file certain of the documents he submitted in opposition "under seal" and in redacted form.

At issue here are Exhibits H-K submitted by Plaintiff ("Plaintiff's Exhibits"). Plaintiff's Exhibits have been completely redacted and comprise 15 pages of material. Although Plaintiff claims that the Plaintiff's Exhibits are Montefiore documents and therefore already within the Montefiore Defendants' possession, because the documents have been blacked out, it is impossible for us to identify the documents. This afternoon, I emailed Plaintiff to request unredacted copies of Plaintiff's Exhibits so that we can timely prepare our reply papers but Plaintiff replied that he was not willing to do so because of alleged "spoliation and tailoring risks." Although I asked that Plaintiff reconsider his position, he has not responded to my further request.

Honorable Arun Subramanian
September 5, 2025
Page 2


For the reasons set forth below, we respectfully request that the Court order Plaintiff to provide the Montefiore Defendants with complete and unredacted copies of Plaintiff's Exhibits and extend the current deadline of September 12, 2025 for the Montefiore Defendants to file their reply papers on the Motion until ten days after Plaintiff provides the documents to us.

**Plaintiff Has Not Met the Test for**
**Filing Documents Under Seal.**

In the Second Circuit, there has been a long-established presumption in favor of public access to judicial documents. *Indira Kairam v. West Side GI, LLC*, 2025 U.S. Dist. LEXIS 115577, at *2 (S.D.N.Y. June 17, 2025); *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). This presumption is based on the need for the federal courts to remain accountable and to foster the public's confidence in the administration of justice. *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Judicial documents are those documents that have been filed with a court and are relevant to the judicial function or process. *Lugosch v. Pyramid Co.,* 435 F.3d 110, 119 (2d Cir. 2006). These include exhibits to pleadings. *Mombrun v. N.Y.C. Dep't of Housing Pres.,* 2024 U.S. Dist. LEXIS 175795, at *2 (S.D.N.Y. Sept. 27, 2024).

The burden of demonstrating that a judicial document should be sealed or redacted rests on the party seeking this protection who must come forward with specific facts warranting such treatment. *Wells Fargo Bank, NA v. Wales LLC,* 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014); *DiRussa v. Dean Witter Reynolds Inc.,* 121 F.3d 818, 826 (2d Cir. 1997). Such applications are to be carefully reviewed by the Court to insure that there is a compelling need to seal the documents from public inspection. *Daol Rexmark Union Station LLC v. Union Station Sole Member, LLC,* 2025 U.S. Dist. LEXIS 38308, at *5-6 (S.D.N.Y. Mar. 3, 2025). To outweigh the public interest in favor of full disclosure, the movant must demonstrate the existence of more pressing considerations such as privileged communications, law enforcement or national security concerns, privacy interests of third parties or trade secrets. *Indira Kairam*, 2025 U.S. Dist. LEXIS 115577, at *2-3; *EEOC v. Kelley Drye & Warren LLP,* 2012 U.S. Dist. LEXIS 28724, at *4 (S.D.N.Y. Mar. 2, 2012). However, even when the case involves confidential information, where that information is relevant to an understanding of the dispute, the interest in preventing disclosure will be given less weight. *Wenger S.A. v. Olivet Int'l, Inc.*, 2024 U.S. Dist. LEXIS 112877, at *4-6 (S.D.N.Y. June 25, 2024) (Subramanian, J.).

Here, Hegde has not established any basis to warrant the sealing or redaction of Plaintiff's Exhibits. The documents at issue belong to Montefiore, not to him. Thus, Plaintiff has not, and cannot, make any argument that he is seeking to protect trade secrets or other proprietary business information. In addition, the information that is subject to the redactions does not implicate privacy interests of third parties. Under the standard governing Plaintiff's application, Hegde has not shown any compelling reason to overcome the presumption in favor of public

Honorable Arun Subramanian
September 5, 2025
Page 3


access to the filings in this case. Therefore, his motion should be denied and he should be directed to refile Plaintiff's Exhibits without any redactions.

**The Montefiore Defendants are Entitled to Unredacted Copies of the**
**<u>Documents in Order to Prepare their Reply Papers on the Motion.</u>**

In addition to Plaintiff's inability to establish that Plaintiff's Exhibits should be filed under seal or remain redacted, there is no reason why they should be hidden from the Montefiore Defendants. This is particularly the case where, as here, the Montefiore Defendants need to know what has been redacted in order to prepare and file their reply papers on the Motion that is currently due next Friday.

Plaintiff has represented in his motion to seal that the Plaintiff's Exhibits consist of Montefiore's physician recruitment and credentialing materials. However, we are not able to verify that representation because other than a statement that Plaintiff added to the top of some of the pages "Discovered on July 5, 2025," the rest of the pages have been entirely blacked out. In addition, this general description does not identify the specific documents or when they were generated.

Fundamental concepts of fairness dictate that parties should be given complete access to documents particularly when they are subject to a pending motion. Moreover, Plaintiff's explanation to the Court that the redactions were done to prevent "unfair evidentiary manipulation" due to Plaintiff's claim that "Defendants may retroactively alter or conform non-codified practices to the written policies in order to minimize liability, impairing the integrity of evidence" is baseless speculation. There is simply no valid reason why the Montefiore Defendants should be denied full access to the very documents that Plaintiff believes are necessary to his opposition to the Motion.[1]

For all of these reasons, the Montefiore Defendants respectfully request that the Court issue an order directing Plaintiff to provide the Montefiore Defendants with complete and unredacted copies of the Plaintiff's Exhibits.  In addition, we ask that the Court extend the Montefiore Defendant's time to file their reply papers on the Motion until ten days after Plaintiff complies with such order.

---

[1] The Montefiore Defendants preserve their right to challenge the use of the Plaintiff's Exhibits in opposing a motion to dismiss.

Honorable Arun Subramanian
September 5, 2025
Page 4


Respectfully submitted,

 */s/ Jean L. Schmidt*

Jean L. Schmidt

cc: Dr. Satyanarayan Hegde via ECF