> DENIED.
>
> These reasons all pertain to whether *defendant* should have access to the materials, which is already the subject of the Court's order at Dkt. 28. None of these reasons are relevant as to why the presumption in favor of *public* access to judicial documents is outweighed here. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d CIr. 2006).
>
> The Clerk of Court is respectfully directed to terminate the motion at ECF No. 26.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: September 15, 2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Satyanarayan Hegde, M.D.,**
Plaintiff, Pro Se

v.

**Montefiore Medical Center, et al.,**
Defendants.

Case No. 1:25-cv-04222 (AS)

September 5, 2025

**LETTER-MOTION TO FILE EXHIBITS H–K UNDER SEAL**
(To The Honorable Judge Arun Subramanian)

Dear Judge Subramanian:

Pursuant to Local Civil Rule 7.1(d) and the Court's Individual Practices, Plaintiff respectfully requests leave to file Exhibits H, I, J, and K to his Opposition to Defendants' Motion to Dismiss **under seal**, while concurrently filing appropriately redacted versions for the public docket.

**Basis for Request**

1. **Nature of Exhibits:** Exhibits H–K consist of Montefiore's codified physician recruitment and credentialing materials, including its formal application process, terms and conditions, and structured screening questions.

2. **Risk of Spoliation of Non-Codified Practices:** While these materials are codified, they coexist with **non-codified practices and unwritten procedures** that are highly relevant to Plaintiff's claims. Public filing of the full codified exhibits at this stage creates a risk that Defendants may **retroactively alter or conform non-codified practices** to the written policies in order to minimize liability, impairing the integrity of evidence.

3. **No Prejudice to Defendants:** Because the exhibits originate from Montefiore's own systems, Defendants are already in possession of them or should be. Sealing causes no prejudice, but protects against unfair evidentiary manipulation.

4. **Narrow Tailoring:** Plaintiff is not seeking wholesale sealing. **Redacted versions** of Exhibits H–K are being filed publicly to maintain transparency. Sealing is requested

   only for the complete, unredacted versions to ensure that the Court has access to the full materials without risk of spoliation.

5. **Legal Standard:** Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), documents may be sealed when necessary to preserve higher values and where the request is narrowly tailored. Here, sealing is essential to preserve the integrity of non-codified evidence and Plaintiff's ability to prove his claims.

**Relief Requested**

Plaintiff respectfully requests that the Court:

1. Permit Exhibits H–K to be filed under seal, with redacted versions available on the public docket; and
2. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Satyanarayan Hegde
_____

**Satyanarayan Hegde, M.D.**
Plaintiff, Pro Se
658 NW 120th Terrace, Apt. 6-325
Gainesville, FL 32607
Tel: (501) 425-2950
Email: satyamrith@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, I served a true and correct copy of the foregoing **Plaintiff's Letter-Motion to File Exhibits H–K Under Seal** and the attached proposed order on counsel for Defendant Montefiore Medical Center by electronic mail, addressed as follows:

Jean L. Schmidt, Esq.
Littler Mendelson, P.C.
jschmidt@littler.com
Counsel for Defendant Montefiore Medical Center

Dated: September 5, 2025

Gainesville, Florida

**/s/ Satyanarayan Hegde**

_____

**Satyanarayan Hegde, M.D.**

Plaintiff, Pro Se

658 NW 120th Terrace, Apt. 6-325

Gainesville, FL 32607

Tel: (501) 425-2950

Email: satyamrith@gmail.com